UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
1:13-cv-226-FDW

| FLOYD LEE BAKER, | ) |
| --- | --- |
| Plaintiff, | ) |
| vs. | ) |
| | ) **ORDER** |
| MARTIN K. REIDINGER, Judge, | ) |
| FREDILYN SISON, Staff Attorney, | ) |
| Defendants. | ) |

**THIS MATTER** is before the Court on initial review of Plaintiff's Complaint under 28 U.S.C. §§ 1915A and 1915(e), and on Plaintiff's Application to Proceed in Forma Pauperis ("IFP Application"), (Doc. No. 2).

**I.     BACKGROUND**

Pro se Plaintiff Floyd Lee Baker is a federal inmate currently incarcerated at Ashland Federal Prison Camp in Ashland, Kentucky. On December 17, 2010, Plaintiff pled guilty in this Court to coercion and enticement, in violation of 18 U.S.C. § 2422(b). (Crim. Case No. 1:10-cr-69, Doc. No. 10: Acceptance and Entry of Guilty Plea). On September 21, 2011, the Court sentenced Plaintiff to 148 months of imprisonment. (Id., Doc. No. 15: Judgment).

In his civil rights complaint brought pursuant to Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388 (1971), Plaintiff has named as Defendants U.S. District Court Judge Martin Reidinger and Plaintiff's defense counsel Fredilyn Sison of the

1

Federal Defenders of Western North Carolina.[1]  In the Complaint, Plaintiff alleges that Defendants Reidinger and Sison deprived Petitioner of his "right" to hear his sentencing proceeding when "they failed to [e]nsure I, suffering from sever[e] hearing loss, could hear and comprehend the proceeding of my federal sentencing hearing." (Doc. No. 1 at 4). Petitioner seeks compensatory damages, that the Court vacate his conviction, and that the Court "convene a resentecning hearing at which time petitioner is provided an opportunity to hear and therefore participate fully in the proceeding." (Id.).

The Court first notes that, as to Plaintiff's IFP Application, Plaintiff's inmate trust account shows that, as of July 31, 2013, Plaintiff's average balance for the previous thirty days was $28.99. (Doc. No. 2 at 6). Because Plaintiff does not have sufficient funds with which to pay the filing fee, the Court will grant Plaintiff's IFP application.

**II.    STANDARD OF REVIEW**

Because Plaintiff is proceeding in forma pauperis, the Court must review the Complaint to determine whether it is subject to dismissal on the grounds that it is "frivolous or malicious [or] fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2). Furthermore, § 1915A requires an initial review of a "complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity," and the court must identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint is frivolous, malicious, or fails to state a claim upon which relief may be granted; or seeks monetary relief from a defendant who is immune from such relief.

---

[1] Plaintiff filed the Complaint on a form used for actions brought pursuant to 42 U.S.C. § 1983. Section 1983 does not apply to federal employees and officials. Rather, a civil rights action against federal employees and officers in their individual capacities is properly characterized as arising under Bivens. See Doe v. Chao, 306 F.3d 170, 184 (4th Cir. 2002).

In its frivolity review, this Court must determine whether the Complaint raises an indisputably meritless legal theory or is founded upon clearly baseless factual contentions, such as fantastic or delusional scenarios. Neitzke v. Williams, 490 U.S. 319, 327-28 (1989). Furthermore, a pro se complaint must be construed liberally. Haines v. Kerner, 404 U.S. 519, 520 (1972). However, the liberal construction requirement will not permit a district court to ignore a clear failure to allege facts in his Complaint which set forth a claim that is cognizable under federal law. Weller v. Dep't of Soc. Servs., 901 F.2d 387 (4th Cir. 1990).

### III. DISCUSSION

It is well settled under the principles announced by the Supreme Court in Heck v. Humphrey that a plaintiff cannot receive damages or equitable relief via a Bivens action for an allegedly unconstitutional conviction without first having that conviction reversed, expunged, or called into question by a writ of habeas corpus. 512 U.S. 477, 486-87 (1994). See Wilkinson v. Dotson, 544 U.S. 74, 81-82 (2005) (noting that Heck applies regardless of the type of relief sought). See also Abella v. Rubino, 63 F.3d 1063, 1065 (11th Cir. 1995) (holding that Heck applies to Section 1983 and Bivens actions). Thus, the court must consider whether a judgment in Plaintiff's favor in this action would necessarily imply the invalidity of his conviction. If it would, the court must dismiss the Complaint unless Plaintiff can demonstrate that the conviction has already been favorably terminated. Heck, 512 U.S. at 487.

Here, Plaintiff is alleging that his "rights" were violated because he was not able to hear and understand his sentencing proceedings. As relief, he seeks in part for this Court to vacate his conviction. Plaintiff does not specify the constitutional right allegedly violated; thus, it is difficult to determine whether success on Plaintiff's claims clearly would imply the invalidity of Plaintiff's underlying conviction in this Court and whether this action is barred by Heck.

Even if the Complaint is not barred by Heck, it is still be subject to dismissal on other grounds. First, Judge Reidinger is immune from suit under the doctrine of judicial immunity. See Stump v. Sparkman, 435 U.S. 349, 359 (1996) ("A judge is absolutely immune from liability for his judicial acts even if his exercise of authority is flawed by the commission of grave procedural errors."); Imbler v. Pachtman, 424 U.S. 409, 419 (1976) (stating that judicial "immunity applies even when the judge is accused of acting maliciously and corruptly, and it is not for the protection or benefit of a malicious or corrupt judge, but for the benefit of the public, whose interest it is that the judges should be at liberty to exercise their functions with independence and without fear of consequences") (internal quotations omitted).

Next, as to Defendant Sison of the Federal Defenders of Western North Carolina, an attorney, whether retained, court-appointed, or a public defender, does not act under color of state or federal law, which is a jurisdictional prerequisite for any civil action brought under 42 U.S.C. § 1983, or under the Bivens doctrine. See Polk Cnty. v. Dodson, 454 U.S. 312 (1981); see also Davidson v. Ratliff, No. 4:11-1072-RBH-SVH, 2011 WL 3678679, at *2 (D.S.C. June 3, 2011) (private counsel was not acting under color of state law under 42 U.S.C. § 1983).

## IV. CONCLUSION

For the reasons stated herein, this action is subject to dismissal because it appears to be barred by Heck and, in any event, Plaintiff's claims against Defendants Judge Reidinger and counsel Sison fail for the reasons stated herein.[2]

**IT IS, THEREFORE, ORDERED** that:

---

[2] Although a dismissal would normally be without prejudice under Heck, the dismissal here is with prejudice because, regardless of any Heck bar, Defendant Judge Reidinger is immune from suit and Defendant Sison may not be sued in a Bivens action.

1. This action is dismissed on initial review with prejudice under 28 U.S.C. §§ 1915A and 1915(e).

2. The Clerk is directed to terminate this action.

Signed: September 11,

Frank D. Whitney
Chief United States District Judge